**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**FRESNO DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| HRONIS, INC., a California corporation, et al.,[1] | Case No. 1:26-bk-10978 |
| | (Jointly Administered) |

**GLOBAL NOTES AND STATEMENTS OF LIMITATIONS, METHODOLOGY,**
**AND DISCLAIMERS REGARDING DEBTORS' SCHEDULES OF ASSETS**
**AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

**INTRODUCTION**

The Schedules of Assets and Liabilities (collectively, the "**Schedules**") and Statements of Financial Affairs (collectively, the "**Statements**," and, together with the Schedules, the "**Schedules and Statements**") filed by Hronis, Inc. and its affiliated debtors (collectively, the "**Debtors**" or the "**Company**") in the United States Bankruptcy Court for the Eastern District of California (the "**Bankruptcy Court**"), were prepared in accordance with section 521 of title 11 of the United States Code (the "**Bankruptcy Code**"), and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") by management of the Debtors, with the assistance of the Debtors' professional advisors, and are unaudited.

The Schedules and Statements have been signed by Allen Soong, Chief Restructuring Officer ("**CRO**") of the Company. Mr. Soong has not (nor could have) personally verified the accuracy of each statement and representation, including, for example, statements and representations concerning amounts owed to creditors, classification of such amounts, and their addresses. In addition, Mr. Soong has not (nor could have) personally verified the completeness of the Schedules and Statements, nor the accuracy of any information contained therein. In reviewing and signing the Schedules and Statements, Mr. Soong necessarily relied upon various personnel of the Debtors and the Debtors' professional advisors and their efforts, statements, and representations in connection therewith. Although reasonable efforts have been made to ensure that the Schedules and Statements are accurate and complete based upon information that was readily available to them at the time of preparation, subsequent information or discovery thereof

---

[1] The ten Debtors are Hronis, Inc.: Hronis Capital Assets, LP, a California limited partnership; Hronis Capital Management, LLC, a California limited liability company; Hronis Citrus, LLC, a California limited liability company; Hronis Farming, LP, a California limited partnership; Hronis Fruit Company LLC, a California limited liability company; Hronis Land Company, a California general partnership; Hronis Ranch, LLC, a California limited liability company; Hronis Resource Management, LLC, a California   limited liability company; The Hronis Family Limited Partnership, a California limited partnership.

may result in material changes to the Schedules and Statements, and inadvertent errors or omissions may exist.

These Global Notes and Statements of Limitations, Methodology, and Disclaimers Regarding the Debtors' Schedules and Statements (the "**Global Notes**") pertain to, are incorporated by reference in, and comprise an integral part of all of the Schedules and Statements. The Global Notes should be referred to and reviewed in connection with any review of the Schedules and Statements. The Global Notes are in addition to any specific notes contained in any Debtor's Schedules or Statements. Disclosure of information in one Schedule, Statement, exhibit, or continuation sheet, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, Statement, exhibit, or continuation sheet.

**The Schedules, Statements, and Global Notes should not be relied upon by any persons for information relating to current or future financial conditions, events, or performance of the Debtors.**

In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that were available at the time of such preparation. The Schedules and Statements reflect the Debtors' reasonably best efforts to report their assets and liabilities, based on their current books and records. The Debtors cannot be certain, however, that their books and records and/or these Schedules and Statements are valid, complete, accurate, or reliable. Among other things:

1. The Company's annual financials have historically not been audited but reviewed. The latest Review was completed in conjunction with The Company's October 31, 2024 fiscal year.

**2.** In November 2024 the Company implemented processes to prepare the interim financial statements on a GAAP basis. Prior to this implementation, the interim financial statements were produced essentially on a cash basis.

## GLOBAL NOTES AND OVERVIEW OF METHODOLOGY

1. **GENERAL RESERVATION OF RIGHTS.** Although the Debtors' management has made every reasonable effort to ensure that the Schedules and Statements are as accurate and complete as possible under the circumstances based on information that was available to them at the time of preparation, subsequent information or discovery may result in material changes to the Schedules and Statements, and inadvertent errors or omissions may have occurred, some of which may be material. Because the Schedules and Statements contain unaudited information, which remains subject to further review, verification, and potential adjustment, there can be no assurance that the Schedules and Statements are complete. The Debtors reserve all rights to amend the Schedules and Statements from time to time, in any and all respects, as may be necessary or appropriate, including the right to dispute or otherwise assert offsets or defenses to any claim reflected in the Schedules and Statements as to amount, liability, or classification, or to otherwise subsequently designate any claim ("**Claim**") as "disputed," "contingent," or "unliquidated." Furthermore, nothing contained in the Schedules and Statements shall constitute an admission of any claims, the

characterization and/or classification of any claims, or a waiver of any of the Debtors' rights with respect to these chapter 11 cases, including issues involving substantive consolidation, recharacterization, equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

2. **DESCRIPTION OF CASE AND "AS OF" INFORMATION DATE.** On March 6, 2026 "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court. The Debtors continue to operate their business and manage their assets as a debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases. Unless otherwise stated herein, assets and liabilities are reported as of March 6, 2026.

3. **BASIS OF PRESENTATION.** The Schedules and Statements purport to reflect the assets and liabilities of the Debtors. The Debtors reserve all rights relating to the legal ownership of assets and liabilities and nothing in the Schedules or Statements shall constitute a waiver or relinquishment of such rights. Information contained in the Schedules and Statements has been derived from the Debtors' books and records. The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles nor are they intended to be fully reconcilable to audited financial statements.

4. **TOTALS.** All totals that are included in the Schedules and Statements represent totals of all known amounts reflected in the Debtors' books and records. To the extent there are unknown or undetermined amounts, the actual totals may be different than the listed total, and the difference may be material. In addition, the amounts shown for total liabilities exclude items identified as "unknown," "disputed," "contingent," "unliquidated," or "undetermined," and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements.

5. **AMENDMENTS AND SUPPLEMENTS; ALL RIGHTS RESERVED.** Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; inadvertent errors or omissions, however, may exist. The Debtors reserve all rights, but are not required, to amend and/or supplement the Schedules and Statements from time to time as is necessary and appropriate.

6. **REFERENCES.** References to applicable loan agreements and related documents are necessary for a complete description of the collateral and the nature, extent, and priority of liens and/or claims. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

7. **BOOK VALUE.** Unless otherwise indicated, the Debtors' assets and liabilities are shown at their net book values ("**NBV**") as of March 6, 2026. Thus, unless otherwise noted, the

Schedules and Statements reflect the current value as being equivalent to the carrying value of the assets and liabilities as recorded in the Debtors' books and/or from supporting documentation. The Debtors do not intend for the current value to be a proxy for market value, which may vary, sometimes materially, from NBV. The Debtors do not intend to amend these Schedules and Statements to reflect market values.

8.  **RECHARACTERIZATION.** Notwithstanding that the Debtors have made reasonable efforts to correctly characterize, classify, categorize, or designate certain Claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors nonetheless may have improperly characterized, classified, categorized, or designated certain items. The Debtors reserve all rights to recharacterize, reclassify, recategorize, or re-designate items reported in the Schedules and Statements at a later time as they determine to be necessary and appropriate prior to any plan or disclosure statement being filed.

9.  **CLAIMS OF THIRD-PARTY ENTITIES.** Although the Debtors have made reasonable efforts to classify properly each Claim listed in the Schedules as being either disputed or undisputed, liquidated or unliquidated, and/or contingent or non-contingent, the Debtors have not been able to fully reconcile all payments made to certain third-party entities on account of the Debtors' obligations to both such entity and its affiliates. Therefore, to the extent that the Debtors have classified its estimate of Claims of a creditor as disputed, for example, all Claims of such creditor's affiliates listed in the Schedules and Statements shall similarly be considered disputed, whether or not they are individually designated as such.

10. **LIABILITIES.** The Debtors allocate liabilities between the prepetition and post-petition periods based on the information available in connection with the preparation of the Schedules and Statements. As additional information becomes available, particularly with respect to the Debtors' payable accounts, the allocation of liabilities between the prepetition and post-petition periods may change. The Debtors reserve all rights to amend the Schedules and Statements as they deem appropriate.

11. **GUARANTEES AND OTHER SECONDARY LIABILITY CLAIMS.** Where guarantees have been identified, they have been included in the relevant liability Schedule for the Debtors affected by such guarantee. The Debtors have also listed such guarantees on the applicable Schedule H. It is possible that certain guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements may have been inadvertently omitted. The Debtors reserve all rights to amend the Schedules to the extent that additional guarantees are identified, or such guarantees are discovered to have expired or be unenforceable.

12. **INTERCOMPANY CLAIMS.** The intercompany receivable/payable balances between the Debtors are set forth on Schedule A/B or Schedule E/F, as applicable, and receivables are classified as current assets. Intercompany transfers between Debtors are not captured on Statement 2 or 3. The listing in the Schedules or Statement (including, without limitation, Schedule A/B or Schedule E/F) by the Debtors of any obligation between a Debtor and another Debtor is a statement of what appears in the Debtors' books and records and does

not constitute any admission or conclusion of the Debtors regarding whether such amount would be allowed as a Claim, subject to subordination and/or recharacterization, or how such obligations may be classified and/or characterized in a plan of reorganization or by the Bankruptcy Court. The Debtors reserve all rights with respect to such obligations.

13. **INTELLECTUAL PROPERTY RIGHTS.** Exclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated or otherwise expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated or otherwise expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. The Debtors have made significant efforts to attribute intellectual property to the rightful Debtor owner. Accordingly, the Debtors reserve all rights with respect to the legal status of any and all such intellectual property rights.

14. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** The Debtors have not estimated value of executory contracts or unexpired leases as assets in the Schedules and Statements. Instead, the Debtors' executory contracts and unexpired leases have been set forth in Schedule G. In addition, while the Debtors have made diligent attempts to properly identify all executory contracts and unexpired leases, inadvertent errors, omissions, or over-inclusion may have occurred.

15. **CLAIMS DESCRIPTION.** Schedules D and E/F permit the Debtors to designate a Claim as "disputed," "contingent," and/or "unliquidated." Any failure to designate a Claim on a given Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent," or "unliquidated" or that such Claim is not subject to dispute or objection. The Debtors reserve all rights to dispute any Claim reflected on their respective Schedules and Statements on any grounds, including, without limitation, liability or classification, or to otherwise subsequently designate such Claims as "disputed," "contingent," or "unliquidated." In addition, the Debtors reserve their rights to object to any listed Claim on the grounds that, among other things, the Claim has already been satisfied.

16. **CAUSES OF ACTION.** Despite their reasonable efforts, the Debtors may not have listed all causes of action or potential causes of action against third parties as assets in the Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant non-bankruptcy laws to recover assets. The Debtors reserve all of their rights for any claims, counterclaims, causes of action, or avoidance actions they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such claims, counterclaims, causes of actions, or avoidance actions or in any way prejudice or impair the assertion of such claims.

17. **UNDETERMINED AMOUNTS.** Claim amounts that could not readily be quantified by the Debtors are scheduled as "unknown," "TBD," or "undetermined". The description of an

amount as "unknown," "TBD," or "undetermined" is not intended to reflect upon the materiality of such amount.

18.     **LIENS.** Property and equipment assets listed in the Schedules and Statements are presented without consideration of any liens that may attach (or have attached) to such property or equipment.

19.     **ESTIMATES.** To prepare and file the Schedules as close to the Petition Date as possible, management was required to make certain estimates and assumptions that affected the reported amounts of these assets and liabilities.  The Debtors reserve all rights to amend the reported amounts of assets and liability to reflect changes in those estimates or assumptions.

20.     **CREDITS AND ADJUSTMENTS.** The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts reflected on the Debtors' books and records and may not reflect credits, allowances, or other adjustments due from such creditors to the Debtors.  The Debtors reserve all of their rights with regard to such credits, allowances, and other adjustments, including the right to assert claims objections and/or setoffs with respect to the same.

21.     **GLOBAL NOTES CONTROL.** In the event that the Schedules and Statements differ from these Global Notes, the Global Notes shall control.

22.     **CONFIDENTIALITY.** There may be instances in the Schedules and Statements where the Debtors have deemed it necessary and appropriate to redact from the public record information such as names, addresses, or amounts. Typically, the Debtors have used this approach because of an agreement between the Debtors and a third party, concerns of confidentiality, or concerns for the privacy of, or otherwise preserving the confidentiality of, personally identifiable information.

### SPECIFIC DISCLOSURES APPLICABLE TO SCHEDULES

23.     **CLASSIFICATIONS.** Listing a Claim (a) on Schedule D as "secured," (b) on Schedule E/F as "priority," or (c) on Schedule E/F as "unsecured," or a contract on Schedule G as "executory" or "unexpired," does not in each case constitute an admission by the Debtors of the legal rights of the claimant, or a waiver of the Debtors' rights to recharacterize or reclassify such Claim or contract.

24.     **SCHEDULE A/B.**  Except as otherwise noted, the amounts listed on Schedule A/B represent the value of each Debtor's assets as reflected in the Debtor's books and records (net of depreciation or amortization where applicable) as of March 6, 2026.  The Debtors have not obtained independent valuation of these assets.  The actual value of the assets listed may differ significantly from the amounts reflected in each the Schedules and Statements.

25.     **SCHEDULE A/B 3.** Three bank accounts at Chase Bank in the name of Hronis, Inc. were not reflected in the Debtors' books and records. These accounts were reportedly closed as of the Petition Date. Bank reconciliations have not been prepared by employees of the Debtors. The main operating account for Hronis, Inc. at US Bank, account# x0442, shows

a negative balance after the California Franchise Tax Board effectuated a levy on Hronis, Inc. as described in Note 46 below in reference to Statement 6. The Debtors reserve all rights, defenses, claims and counterclaims concerning such levy.

26.     **SCHEDULE A/B 11.** Accounts Receivable — Gross Balances were gathered from the respective Debtors' Accounts Receivable detail aging as well as estimated amounts pertaining to miscellaneous sales of grapes unsuitable for certain channels of distribution that were not reflected in the Debtors books and records. The Debtors do not calculate uncollectable amounts on a regular basis. The amounts scheduled as doubtful or uncollectable for Hronis Inc. were based on diligence efforts by the CRO to verify the outstanding amounts. These efforts included discussions with certain customers of Hronis, Inc. Through this effort, it was discovered that certain customers remitted payments to the aforementioned accounts at Chase Bank that were not reflected in the Debtors' books and records, resulting in underreporting of receipts that the Debtors have attempted to approximate in this Schedule. The net collectable value of the Accounts Receivable is subject to further revision as the Debtors continue their review.

27.     **SCHEDULE A/B 15.** Equity interests in subsidiaries and affiliates arise from common stock or equivalent ownership. For purposes of these Schedules, the value of the Debtors' interests in any such subsidiaries and affiliates is undetermined. The book values of certain assets may materially differ from their fair market values and/or the liquidation of the assets prepared in connection with the Disclosure Statement.

28.     **SCHEDULE A/B 19.** Inventories of packaging material are completed sporadically throughout the year. The most recent inventory was completed at the end of January 31. 2026, with the NBV based on purchase price reflected on recent invoices.

29.     **SCHEDULE A/B 19.** WIP inventory as reflected herein represents the capitalized cost of the croup on the vine (Citrus and Grape) as maintained by the accounting system. Citrus product is harvested and processed by a third-party packer, thus there is no finished goods inventory on hand at Petition Date. Similarly, the grape crop is still on the vine and thus there is no finished grape inventory at Petition Date.

30.     **SCHEDULE A/B 25.** The book value of property purchased within 20 days of the Petition Date was gathered from the most AP listing and review of individual invoices. It is possible that additional product was received 20 days prior to Petition Date, however the paperwork has not been received as of date these Schedules were prepared.

31.     **SCHEDULE A/B 28.** The net book value of the Trees & Vines (which is distinct from current year crop costs) is included in the land value schedule in A/B 55.

32.     **SCHEDULE A/B 39/40/41.** Office Furniture, Office Equipment, and Fixtures were combined in the balances reflected in Schedule A/B 39 as of March 6, 2026.

- 7 -

33.    **SCHEDULE A/B 47.** The Debtors maintain a list of rolling stock equipment, however, the depreciation schedule is maintained by the Debtors' outside accounting/tax firm. This depreciation schedule as of 10/31/25 was utilized to calculate the NBV of the asset class. The detail depreciation schedule has not been reconciled with the Debtors list, thus values per each asset were not calculated or estimated.

34.    **SCHEDULE A/B 50.** The fixtures and leasehold improvements attached to the Debtors' citrus packing facility and cold storage are included in the land description included in Schedule A/B 55.

35.    **SCHEDULE A/B 55.** Similar to the rolling stock equipment list, the Debtors maintain a detail list of each ranch which is included in Schedule A/B 55. The depreciation schedule is maintained by the Debtors' outside accounting/tax firm. This depreciation schedule was utilized to calculate the NBV in the aggregate of the Land, Pump, Wells, Irrigation System, Trellis System, Trees & Vines; however, since the detail listing from the outside accounting/tax firm has not been reconciled to the Debtors' internal list, values per each asset were not calculated or estimated. These real estate assets were amassed over many years and the NBV may vary materially from the current market value of these assets. The Debtors have not commissioned recent appraisals on the real estate assets, therefore this schedule reflects the NBV of these assets, which may vary materially from their market value.

      This listing excludes information on the ranches associated with leases the Debtors have moved to reject as of the Petition Date as shown on Schedule G. The Debtors deem these acres uneconomic and not worth farming in their current state. Any equipment or vines on those ranches are of de minimis value.

      The Debtors license specific grape varieties subject to a royalty lease from certain third parties. This type of arrangement typically provides the use of the variety trademark for a designated period of years from the initial planting for an annual rent cost equal to a designated percentage of net proceeds from said variety.

36.    **SCHEDULE A/B 60-64.** Intellectual property is listed in Schedule A/B 60-64 at an undetermined amount because the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from net book value. Nothing herein or in the Schedules and Statements shall be construed as an admission or acknowledgment by the Debtors that any particular intellectual property asset is not transferable either pursuant to its terms or pursuant to provisions of the Bankruptcy Code or has no market value, and the Debtors reserve all rights with respect to any such issues.

37.    **SCHEDULE A/B 72.** Interests in Net Operating Losses ("**NOLs**"). Certain of the Debtors may be able to take advantage of NOLs at the State and Federal level, which amounts are believed to have accumulated over more than one tax year.

38.    **SCHEDULE A/B 74/75.** The Debtors' failure to list any contingent and/or unliquidated claim held by the Debtors in response to this question shall not constitute a waiver, release, relinquishment, or forfeiture of such claim. In the ordinary course of its business, the

Debtors may have accrued, or may subsequently accrue, certain rights to counterclaims, setoffs, refunds or potential warranty Claims against its suppliers. Additionally, the Debtors may be a party to pending litigation in which the Debtors have asserted, or may assert, Claims as a plaintiff or counterclaims as a defendant. Because such Claims are unknown to the Debtors and not quantifiable as of the Petition Date, they are not listed on Schedule A/B 74/75.

39. **SCHEDULE A/B 77.** The Debtors' balance sheets include amounts that purport to reflect funds advanced to other Debtors, family members of the shareholders, or third parties, which are included in Schedule A/B 77. Other than entries into the books and records there is no written support for these advances. It is possible these balances are at least partly the accumulation of adjusting journal entries rather than actual cash transfers. The inclusion of any amount does not reflect any admission or conclusion of the Debtors regarding whether such amount would be allowed as a Claim or how such obligations may be classified and/or characterized or subordinated in a plan of reorganization or by the Bankruptcy Court. The Debtors reserve all rights with respect to such obligations. The detail for the corresponding intercompany payable balances is reflected in Schedule E/F. Certain non-debtor entities owned by Insiders appear in this Schedule – Shamrock Transport is wholly owned by Peter J. and Kosta Hronis, Deer Creek Almond Company is owned by Demetrius A. and Peter N. Hronis, and International Fruit Company is 50%-owned by Hronis Fruit Company. The remaining 50% of International Fruit Company is controlled by David Espinosa and W. Alex Bryant, who are executives of Hronis, Inc. Also appearing in this Schedule is non-debtor entity Grapeco Farm Management, which provides contract farm labor on a zero-markup basis, and is 50%-owned by Demetrius A. Hronis and 50%-owned by Mark DeDonato, an executive of Hronis, Inc.

40. **SCHEDULE D — CREDITORS HOLDING SECURED CLAIMS.** The Claims listed on Schedule D arose or were incurred on various dates; a determination of the date upon which each Claim arose or was incurred would be unduly burdensome and cost prohibitive. Accordingly, not all such dates are included for each Claim. All Claims listed on Schedule D, however, appear to have arisen or have been incurred before March 6, 2026.

Except as otherwise ordered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset for the benefit of a secured creditor listed on a Debtors' Schedule D. Moreover, although the Debtors may have scheduled Claims of various creditors as secured Claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's Claim or the characterization of the structure of any such transaction or any document or instrument (including without limitation, any intercompany agreement) related to such creditor's Claim. To that end, the Debtors take no position as to the extent or priority of any creditor's lien in the Schedules and Statements.

The descriptions provided in Schedule D are intended only to be a summary. Reference to the applicable loan documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens. Nothing in these Notes or the Schedules and

Statements shall be deemed a modification or interpretation of the terms of such agreements.

Moreover, the Debtors have not included on Schedule D parties that may believe their Claims are secured through setoff rights or inchoate statutory lien rights.

On or about February 6, 2026, Conterra Agricultural Capital, LLC acquired the loan agreement, the notes and the Deeds of Trust from an affiliate of AgAmerica Lending LLC and became the successor-in-interest.

41. **SCHEDULE E/F — CREDITORS HOLDING UNSECURED CLAIMS.** On March 11, 2026, the Bankruptcy Court entered the *Final Order Authorizing Debtors To Continue Employee Compensation and Employee Benefit Programs* [Docket No. 73], authorizing the Debtor to pay or honor certain prepetition obligations with respect to employee wages and other compensation, reimbursable employee expenses and similar benefits.

    The Debtors have used reasonable efforts to report all general unsecured Claims against the Debtors on Schedule E/F based upon the Debtors' existing books and records as of the Petition Date; however, inadvertent errors or omissions may have occurred. The Claims listed on Schedule E/F arose or were incurred on various dates. In certain instances, the date on which a Claim arose is an open issue of fact. In addition, the Claims of individual creditors for, among other things, goods or services are listed as either the lower of the amounts invoiced by such creditor or the amounts entered on the Debtors' books and records and may not reflect credits, rebates, or allowances due from such creditors to the Debtors. The Claims and amounts listed in respect of certain trade payables reflect amounts owed as of the Petition Date.

    In addition, certain Claims listed on Schedule E/F may be entitled to priority under section 503(b)(9) of the Bankruptcy Code.

    Schedule E/F also contains information regarding pending litigation involving the Debtors. The dollar amount of potential Claims associated with any such pending litigation is listed as "undetermined" and marked as contingent, unliquidated, and disputed in the Schedules and Statements. Some of the litigation Claims listed on Schedule E/F may be subject to subordination pursuant to section 510 of the Bankruptcy Code. Schedule E/F also includes potential or threatened legal disputes that are not formally recognized by an administrative, judicial, or other adjudicative forum due to certain procedural conditions that counterparties have yet to satisfy.

42. **SCHEDULE G — EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** While reasonable efforts have been made to ensure the accuracy of Schedule G, the Debtors' business is complex, and inadvertent errors, omissions, or overinclusion may have occurred. Each lease and contract listed in Schedule G may include one or more ancillary documents, including any underlying assignment and assumption agreements, amendments, supplements, full and partial assignments, renewals and partial releases, which may not be listed on Schedule G. Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal,

and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth on Schedule G. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of business, such as financing agreements, indemnity agreements, subordination, non-disturbance agreements, supplemental agreements, amendments/letter agreements, title agreements, and confidentiality agreements. Such documents may not be set forth on Schedule G. Certain executory contracts may not have been memorialized in writing and could be subject to dispute.

The Debtors reserve all rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth in Schedule G and to amend or supplement such Schedule as necessary. Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. Likewise, inclusion of any agreement on Schedule G does not constitute an admission that such agreement is an executory contract or unexpired lease, or that such agreement was in effect on the Petition Date or is valid and enforceable, and the Debtors reserves all rights in that regard, including without limitation the right to assert that any agreement is not executory, has expired pursuant to its terms, is severable in whole or in part, or was terminated prepetition.

43.    **SCHEDULE H — CO-DEBTORS.** Although the Debtors have made every effort to ensure the accuracy of Schedule H, inadvertent errors, omissions, or inclusions may have occurred. The Debtors hereby reserve all rights to dispute the validity, status, and enforceability of any obligations set forth on Schedule H and to further amend or supplement such Schedule as necessary.

The Debtors further reserve all rights, claims, and causes of action with respect to the obligations listed on Schedule H, including the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument related to a creditor's claim. The listing of a contract, guarantee, or other obligation on Schedule H shall not be deemed an admission that such obligation is binding, valid, or enforceable.

Schedule H also reflects guarantees by the Debtors, if any. The Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, debt instruments, and other such agreements. Thus, the Debtors reserve their right, but shall not be required, to amend the Schedules to the extent that additional guarantees are identified, or such guarantees are discovered to have expired or are unenforceable.

## SPECIFIC DISCLOSURES APPLICABLE TO STATEMENTS

44.    **STATEMENT 1.** Rental revenue was historically recorded at the land-owning entities for property used by Hronis Farming. This practice ceased at the end of 2024 and amounts that would have been recorded as revenue were recorded in the balance sheet as amounts due from Hronis Farming. Hronis Farming generates revenues from the product that it delivers from its farming operations to Hronis, Inc., while Hronis, Inc. generates revenues from selling product to third parties. Hronis Fruit acted as a broker in that it was purchasing from outside growers and selling this product to Hronis Inc.

45.   **STATEMENT 3 AND 4.  SCHEDULE A/B 3 & 4.** The Debtors' books and records were relied upon for the disbursement activity and account balances as of the end of business on the Petition Date, except in the case of the three bank accounts described in Note 25 above regarding Schedule A/B 3 (the "**Outside Accounts**"). The Outside Accounts were not reflected in the Debtors' books and records but were reportedly closed as of the Petition Date with zero balances. Disbursement activity for the Outside Accounts was sourced from hard-copy bank statements provided to the CRO by the shareholder shortly after the Petition Date.

For purposes of the Schedules and Statements, the Debtors define Insiders as (i) individuals that, based upon the totality of circumstances, have a controlling interest in, or exercise sufficient control over the Debtors to dictate corporate policy and the disposition of assets, and (ii) relatives and affiliates of such individuals. The Debtors do not take any position with respect to (a) such person's influence over the control of the Debtors; (b) the management responsibilities or functions of such individual; (c) the decision-making or corporate authority of such individual; or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including the federal securities law, or with respect to any theories of liability or any other purpose. As such, the Debtors reserve all rights to dispute whether someone identified in response to Question 4 is in fact an "insider" as defined in section 101(31) of the Bankruptcy Code.

While the Debtors' books and records are presumed reliable for purposes of identifying payroll and other transfers to Insiders, the bank statement descriptions of the Outside Account disbursements are incomplete and have not been reconciled to the Debtors' books and records. The CRO determined, given the brief time afforded the Debtors to file these Schedules and Statements, to apply conservative judgment in a preliminary review of both the books and records and the Outside Account bank statements to distinguish Insider payments or transfers from items that are or could reasonably be considered business-related.

Statement 4 includes transfers totaling $56.7M to Grapeco Farm Management, Inc. ("**Grapeco**"), which arranges the Debtors' entire contract farm labor force on a zero-markup basis. Grapeco is owned 50%/50% by Demetrius A. Hronis and Mark DeDonato, an executive of Hronis, Inc.

During the twelve months leading up to the Petition Date there appear to have been Insider payments or transfers that can be categorized as follows:

- Payroll ($1.6M) – ordinary course compensation to Insider employees of the Debtors

- Claim for Reimbursement ($0.7M) – payments to Insiders that are understood to be in reimbursement for business expenses that have yet to be fully verified by the CRO

- Household Services/Utilities/Taxes ($0.3M) – payments for maintenance services, utilities, and tax payments that appear unrelated to the Debtors' operations or assets

- Housing/Vehicles ($0.2M) – payments or transfers described or understood to be mortgage/rent payments or vehicle lease payments unrelated to the Debtor's operations or assets

- Personal Services ($0.5M) – payments for transportation, insurance, club dues, and other services that appear unrelated to the Debtors' operations or administration

- Credit Card Payments ($0.9M) – payments to what are understood to be credit card issuers; it is possible at least some of these amounts were incurred for business purposes, but the CRO has not yet been provided with documentation of such

- Advances to Shareholder/Relatives ($2.9M) – payments or transfers to Insiders that are described only by their beneficiaries without any reference to purpose

Out of an abundance of caution, Statement 4 also includes $2.8M in "Uncategorized" disbursements from the Outside Accounts that had no meaningful description other than "Check [#]" or "Withdrawal" or similarly nondescript language and no beneficiary or payee information. It is possible that some or all of these items were for business purposes rather than for the benefit of Insiders, but the CRO is unable at this time to distinguish between the two with reasonable certainty.

Where an Insider is named as a beneficiary, that information is included. Otherwise, other than in the case of Uncategorized disbursements, the transfer is attributed to Peter J. Hronis as the primary signatory on the Outside Accounts.

Certain transactions listed in Statement 4 warrant further comment:

- On January 20, 2026, an Outside Account received $800k from Porterville Citrus in payment for citrus crop. A withdrawal of $800k was made the same day. Also on that day, Hronis Racing, a non-debtor entity owned 100% by Peter J. and Kosta Hronis, transferred $800k to Hronis, Inc. as a shareholder loan in exchange for a security interest in the assets of Hronis, Inc.

- On or about January 2, 2026, Hronis Farming transferred $660k to Hronis Racing, ostensibly to reimburse Hronis Racing for a payment made on behalf of Hronis Farming to one of its landlords.

- On September 25, 2025, Peter J. Hronis withdrew $2.0M from an Outside Account. Hronis, Inc. received $1.4M as a shareholder loan on or about that same date in exchange for a security interest in the assets of Hronis, Inc.

46.    **STATEMENT 6.** The California Franchise Tax Board (FTB) asserts that Hronis, Inc. owes $1.442M in unpaid tax obligations. On or about February 23, 2026, the FTB effectuated a levy on Hronis, Inc. accounts at US Bank, at which time the accounts held approximately $248K. On March 6, 2026, just prior to the filing of the Petition, US Bank debited the accounts $248K and remitted that amount to FTB. By that time, however, the account balance was near zero as checks had cleared in the interim, resulting in the negative bank balance shown in Statement 1 at Petition Date. The Debtors may pursue the return of those funds from FTB to resolve the negative bank balance.

47. **STATEMENT 7.** The Debtors reserve all rights and defenses with respect to any and all listed lawsuits and administrative proceedings. The listing of any such suits and proceedings shall not constitute an admission by the Debtors of any liabilities or that the actions or proceedings were correctly filed against the Debtors. The Debtors also reserve their rights to assert that a Debtor is not an appropriate party to such actions or proceedings.

48. **STATEMENT 20.** During the 2025 harvest season, Hronis Inc used an outside cold storage facility for a portion of the year to hold overflow grape inventory that could not be held in the Debtors' own cold storage.

49. **STATEMENT 26**. An investment banker, Ducera Partners LLC, conducted a marketing effort during 2025. Ducera Partners LLC is listed on this schedule, but we did not list each party that executed a Non-Disclosure Agreement. Other interested parties conducted additional due diligence on the business and they are listed herein as well.

50. **STATEMENT 27.** Inventories of packaging material are completed periodically throughout the year. The most recent inventory was completed at the end of January 2026.

51. **STATEMENT 30.** Please reference Statement 4.

**Fill in this information to identify the case:**

**Debtor name:** Hronis Fruit Company LLC

**United States Bankruptcy Court for the:** Eastern District of California

**Case number (if known):** 26-10983

☐ Check if this is an amended filing

Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy  04/25

**The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).**

| Part 1: | Income |
|---|---|

**1. Gross revenue from business**

☐ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | Sources of revenue (Check all that apply) | Gross revenue (before deductions and exclusions) |
|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From 1/1/2026 to 3/10/2026 | ☐ Operating a business<br>☐ Other: _____ | $0.00 |
| **For prior year:** | From 1/1/2025 to 12/31/2025 | ☑ Operating a business<br>☐ Other: _____ | $6,790.00 |
| **For the year before that:** | From 1/1/2024 to 12/31/2024 | ☑ Operating a business<br>☐ Other: _____ | $2,945,861.24 |

**2. Non-business revenue**

Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☐ None

| | | Description of sources of revenue | Gross revenue from each source (before deductions and exclusions) |
|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From 1/1/2026 to 3/10/2026 | _____ | $0.00 |
| **For prior year:** | From 1/1/2025 to 12/31/2025 | INTEREST | $20.88 |
| **For the year before that:** | From 1/1/2024 to 12/31/2024 | INTEREST | $1,115.17 |

Debtor   **Hronis Fruit Company LLC**                    Case number *(if known)* **26-10983**

| **Part 2:** | **List Certain Transfers Made Before Filing for Bankruptcy** |
|---|---|

**3. Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers—including expense reimbursements—to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $8,575. (This amount may be adjusted on 04/01/2028 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☐ None

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer *Check all that apply* |
|---|---|---|---|
| 3.1.   CONTERRA AGRICULTURAL CAPITAL, LLC 5465 MILLS CIVIC PARKWAY SUITE 201 WEST DES MOINES IA 50266 | 2/6/2026 | $_____ | ☐ Secured debt ☐ Unsecured loan repayments ☐ Suppliers or vendors ☐ Services ☑ Other: UCC-1 FILING WITH THE STATE OF CALIFORNIA - FILE # U260009245018 |

**4. Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $8,575. (This amount may be adjusted on 04/01/2028 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☑ None

| Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|
| 4.1.   _____ _____ _____ _____ | _____ | $_____ | _____ |

| Relationship to debtor |
|---|
| _____ |

**5. Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☑ None

| Creditor's name and address | Description of the property | Date | Value of property |
|---|---|---|---|
| 5.1.   _____ _____ _____ _____ | _____ | _____ | $_____ |

Debtor    **Hronis Fruit Company LLC**        Case number *(if known)* **26-10983**

---

**6. Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| 6.1. _____ _____ _____ _____ | _____ <br><br> Last 4 digits of account number: XXXX–_____ | _____ | $_____ |

Debtor    **Hronis Fruit Company LLC**                    Case number *(if known)* **26-10983**

| Part 3: | Legal Actions or Assignments |
|---------|------------------------------|

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☐ None

| | Case title | Nature of case | Court or agency's name and address | Status of case |
|---|------------|----------------|-------------------------------------|----------------|
| 7.1. | CONTERRA AGRICULTURAL CAPITAL, LLC, AN IOWA LIMITED LIABILITY COMPANY V. HRONIS CAPITAL ASSETS, LP, A CALIFORNIA LIMITED PARTNERSHIP, ET AL | BREACH OF LOAN DOCUMENTS, REAL PROPERTY FORECLOSURE AND APPOINTMENT OF A RECEIVER | SUPERIOR COURT OF CALIFORNIA COUNTY OF KERN 1215 TRUXTON AVE. METROPOLITAN DIVISION JUSTICE BUILDING BAKERSFIELD CA 93301 | ☑ Pending ☐ On appeal ☐ Concluded |
| | **Case number** | | | |
| | 25CUB00833 | | | |

| | Case title | Nature of case | Court or agency's name and address | Status of case |
|---|------------|----------------|-------------------------------------|----------------|
| 7.2. | DLP FUNDING, LLC V. HRONIS, INC., ET AL. | BREACH OF CONTRACT | SUPREME COURT OF THE STATE OF NEW YORK, KINGS COUNTY 360 ADAMS STREET BROOKLYN NY 11201 | ☑ Pending ☐ On appeal ☐ Concluded |
| | **Case number** | | | |
| | 542910/2025 | | | |

Debtor **Hronis Fruit Company LLC** Case number *(if known)* **26-10983**

---

**8. Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

| Custodian's name and address | Description of the property | Value |
|---|---|---|
| 8.1. _____ _____ _____ | _____ | $_____ |

| | Case title | Court name and address |
|---|---|---|
| | _____ | _____ _____ _____ |

| | Case number | |
|---|---|---|
| | _____ | |

| | Date of order or assignment | |
|---|---|---|
| | _____ | |

Debtor   **Hronis Fruit Company LLC**                    Case number *(if known)* **26-10983**

| Part 4: | Certain Gifts and Charitable Contributions |
|---------|---------------------------------------------|

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000.**

☑ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|------------------------------|-------------------------------------------|-------------|-------|

9.1.    _____    _____    _____   $_____
        _____
        _____
        _____

| Recipient's relationship to debtor |
|------------------------------------|

_____

Debtor    **Hronis Fruit Company LLC**             Case number *(if known)* **26-10983**

| Part 5: | Certain Losses |
|---|---|

**10. All losses from fire, theft, or other casualty within 1 year before filing this case.**

☑ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br><br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property).* | Date of loss | Value of property lost |
|---|---|---|---|
| 10.1. _____ | $_____ | _____ | $_____ |

Debtor    **Hronis Fruit Company LLC**          Case number *(if known)* **26-10983**

| Part 6: | Certain Payments or Transfers |
|---------|-------------------------------|

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☑ None

| Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|--------------------------------------------|------------------------------------------------|-------|-----------------------|
| 11.1. _____ | _____ | _____ | $_____ |
| **Address** | | | |
| _____ | | | |
| **Email or website address** | | | |
| _____ | | | |
| **Who made the payment, if not debtor?** | | | |
| _____ | | | |

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☑ None

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|-------------------------|-----------------------------------|---------------------------|-----------------------|
| 12.1. _____ | _____ | _____ | $_____ |
| **Trustee** | | | |
| _____ | | | |

**13. Transfers not already listed on this statement**

List any transfers of money or other property—by sale, trade, or any other means—made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☐ None

| Debtor | **Hronis Fruit Company LLC** | | Case number *(if known)* **26-10983** |
|---|---|---|---|

| | Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|---|
| 13.1. | WYNWOOD CAPITAL GROUP | PAYMENT MADE BY NON-DEBTOR THIRD PARTY, SUN PACIFIC FARMING COOPERATIVE, INC., TO WYNWOOD CAPITAL GROUP IN CONSIDERATION OF SECURED PROMISSORY NOTE WITH RESPECT TO DEBTOR'S ASSETS | 12/16/2025 | $1,600,000.00 |
| | **Address** | | | |
| | 20200 W DIXIE HWY MIAMI FL 33180 | | | |
| | **Relationship to debtor** | | | |
| | SECURED CREDITOR | | | |

Debtor   **Hronis Fruit Company LLC**      Case number *(if known)* **26-10983**

| Part 7: | Previous Locations |
|---------|--------------------|

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☑ Does not apply

| Address | Dates of occupancy |
|---------|--------------------|
| 14.1. _____ | From _____ To _____ |

Debtor **Hronis Fruit Company LLC** Case number *(if known)* **26-10983**

| Part 8: | Healthcare Bankruptcies |

**15. Healthcare bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:
— diagnosing or treating injury, deformity, or disease, or
— providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| 15.1. _____ _____ _____ _____ | _____ | _____ |
| | **Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider | **How are records kept?** |
| | _____ _____ _____ _____ | Check all that apply: ☐ Electronically ☐ Paper |

Debtor   **Hronis Fruit Company LLC**                              Case number *(if known)* **26-10983**

| Part 9: | Personally Identifiable Information |
|---------|-----------------------------------|

**16. Does the debtor collect and retain personally identifiable information of customers?**

☑ No

☐ Yes. State the nature of the information collected and retained. _____

   Does the debtor have a privacy policy about that information?

   ☐ No

   ☐ Yes

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b) or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☑ No. Go to Part 10.

☐ Yes. Fill in the information below.

17.1. Does the debtor serve as plan administrator?

   ☐ No. Go to Part 10.

   ☐ Yes. Fill in below.

| Name of plan | Employer identification number of the plan |
|--------------|--------------------------------------------|
| _____ | EIN: __ __-__ __ __ __ __ __ __ |

Has the plan been terminated?

☐ No

☐ Yes

Debtor   **Hronis Fruit Company LLC**        Case number *(if known)* **26-10983**

| **Part 10:** | **Certain Financial Accounts, Safe Deposit Boxes, and Storage Units** |
|---|---|

### 18. Closed financial accounts

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☐ None

| | Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|---|
| 18.1. | BANK OF THE SIERRA<br>P.O. BOX 1930<br>PORTERVILLE CA 93258 | XXX-4891 | ☑ Checking<br>☐ Savings<br>☐ Money market<br>☐ Brokerage<br>☐ Other _____ | 1/27/2026 | ($135.93) |

| | Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|---|
| 18.2. | BANK OF THE SIERRA<br>P.O. BOX 1930<br>PORTERVILLE CA 93258 | XXX-8865 | ☑ Checking<br>☐ Savings<br>☐ Money market<br>☐ Brokerage<br>☐ Other _____ | 1/27/2026 | $187.38 |

### 19. Safe deposit boxes

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

| | Depository institution name and address | Name and address of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|---|
| 19.1. | _____<br>_____<br>_____ | _____<br>_____<br>_____ | _____ | ☐ No<br>☐ Yes |

### 20. Off-premises storage

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

Debtor    **Hronis Fruit Company LLC**                    Case number *(if known)* **26-10983**

| Depository institution name and address | Name and address of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| 20.1. _____ _____ _____ _____ | _____ _____ _____ _____ | _____ | ☐ No ☐ Yes |

Debtor   **Hronis Fruit Company LLC**                    Case number *(if known)* **26-10983**

| Part 11: | Property the Debtor Holds or Controls That the Debtor Does Not Own |
|---|---|

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None

| | Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|---|
| 21.1. | _____ <br> _____ <br> _____ <br> _____ | _____ | _____ | $_____ |

Debtor    **Hronis Fruit Company LLC**                    Case number *(if known)* **26-10983**

---

| **Part 12:** | **Details About Environmental Information** |

For the purpose of Part 12, the following definitions apply:

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☑ No

☐ Yes. Provide details below.

| | Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|---|
| 22.1. | _____ | _____ | _____ | ☐ Pending |
| | **Case number** | _____ | | ☐ On appeal |
| | _____ | _____ | | ☐ Concluded |

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☑ No

☐ Yes. Provide details below.

| | Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|---|
| 23.1. | _____ | _____ | _____ | _____ |

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No

☐ Yes. Provide details below.

| | Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|---|
| 24.1. | _____ | _____ | _____ | _____ |

Debtor   **Hronis Fruit Company LLC**                                        Case number *(if known)* **26-10983**

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

### 25. Other businesses in which the debtor has or has had an interest

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☑ None

|  | Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|---|
| 25.1. | _____<br>_____<br>_____ | _____ | EIN: __ __-__ __ __ __ __ __<br><br>**Dates business existed**<br><br>From _____ To _____ |

### 26. Books, records, and financial statements

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

|  | Name and address | Dates of service |
|---|---|---|
| 26a.1. | DANIELLS PHILLIPS VAUGHAN & BOCK<br>300 NEW STINE RD.<br>BAKERSFIELD CA 93309 | From 1/1/2023 To Present |

|  | Name and address | Dates of service |
|---|---|---|
| 26a.2. | SONIA PONCE<br>10443 HRONIS RD<br>DELANO CA 93215 | From 12/22/2008 To Present |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

|  | Name and address | Dates of service |
|---|---|---|
| 26b.1. | DANIELLS PHILLIPS VAUGHAN & BOCK<br>300 NEW STINE RD.<br>BAKERSFIELD CA 93309 | From 1/1/2023 To 10/31/2024 |

|  | Name and address | Dates of service |
|---|---|---|
| 26b.2. | THOMAS YOUNG<br>10443 HRONIS RD<br>DELANO CA 93215 | From 8/7/2023 To Present |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

|  | Name and address | If any books of account and records are unavailable, explain why |
|---|---|---|
| 26c.1. | MARK DEDONATO<br>10443 HRONIS RD,<br>DELANO CA 93215 | _____ |

Debtor    **Hronis Fruit Company LLC**          Case number *(if known)* **26-10983**

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.2.   PETER J. HRONIS<br>10443 HRONIS RD,<br>DELANO CA 93215 | _____ |

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.3.   SONIA PONCE<br>10443 HRONIS RD,<br>DELANO CA 93215 | _____ |

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.4.   W. ALEX BRYANT<br>10443 HRONIS RD,<br>DELANO CA 93215 | _____ |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

| Name and address |
|---|
| 26d.1.   CONTERRA AG CAPITAL<br>5465 MILLS CIVIC PKWY<br>STE 201<br>WEST DES MOINES IA 50266 |

| Name and address |
|---|
| 26d.2.   DUCERA PARTNERS LLC<br>11 TIMES SQUARE<br>36TH FLOOR<br>NEW YORK NY 10036 |

| Name and address |
|---|
| 26d.3.   LINK CAPITAL<br>230 S ROBERTSON BLVD.<br>BEVERLY HILLS CA 90211 |

| Name and address |
|---|
| 26d.4.   PRODUCE PAY<br>447 S HEWITT ST.<br>LOS ANGELES CA 90013 |

| Name and address |
|---|
| 26d.5.   SUN PACIFIC<br>1095 EAST GREEN ST,<br>PASADENA CA 91106 |

| Name and address |
|---|
| 26d.6.   UNITED CAPITAL PARTNERS, LLC<br>708 MAIN STREET 10TH FLOOR<br>HOUSTON TX 77002 |

Debtor   **Hronis Fruit Company LLC**                    Case number *(if known)* **26-10983**

---

**27. Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☑ No

☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| 27.1. _____ | _____ | $_____ |

| Name and address of the person who has possession of inventory records |
|---|
| _____ |
| _____ |
| _____ |
| _____ |

---

**28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| | Name and address | Position | Nature of any interest | % of interest, if any |
|---|---|---|---|---|
| 28.1. | ALLEN SOONG<br>PALADIN MANAGEMENT GROUP<br>633 W 5TH ST.<br>26TH FL<br>LOS ANGELES CA 90071 | CO-CRO | N/A | 0% |
| | **Name and address** | **Position** | **Nature of any interest** | **% of interest, if any** |
| 28.2. | KOSTA HRONIS<br>10443 HRONIS RD,<br>DELANO CA 93215 | MEMBER | MEMBERSHIP | 50.00% |
| | **Name and address** | **Position** | **Nature of any interest** | **% of interest, if any** |
| 28.3. | MATTHEW ENGLISH<br>ARCH & BEAM GLOBAL LLC<br>2500 CAMINO DIABLO<br>STE 110<br>WALNUT CREEK CA 94597 | INDEPENDENT DIRECTOR | N/A | 0% |
| | **Name and address** | **Position** | **Nature of any interest** | **% of interest, if any** |
| 28.4. | PETER J. HRONIS<br>10443 HRONIS RD,<br>DELANO CA 93215 | MEMBER | MEMBERSHIP | 50.00% |
| | **Name and address** | **Position** | **Nature of any interest** | **% of interest, if any** |
| 28.5. | SCOTT AVILA<br>PALADIN MANAGEMENT GROUP<br>633 W 5TH ST.<br>26TH FL<br>LOS ANGELES CA 90071 | CO-CRO | N/A | 0% |

Debtor   **Hronis Fruit Company LLC**                    Case number *(if known)* **26-10983**

---

**29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☐ No

☑ Yes. Identify below.

| Name and address | Position | Nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| 29.1.  DEMETRIUS HRONIS 10443 HRONIS RD DELANO CA 93215 | MEMBER | _____ | From 7/8/2022 To 1/13/2026 |

| Name and address | Position | Nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| 29.2.  KOSTA HRONIS 10443 HRONIS RD DELANO CA 93215 | MEMBER | _____ | From 7/8/2022 To 1/13/2026 |

| Name and address | Position | Nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| 29.3.  PETER J. HRONIS 10443 HRONIS RD DELANO CA 93215 | MEMBER | _____ | From 7/8/2022 To 1/13/2026 |

| Name and address | Position | Nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| 29.4.  PETER N. HRONIS 10443 HRONIS RD DELANO CA 93215 | MEMBER | _____ | From 7/8/2022 To 1/13/2026 |

---

**30. Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☑ No

☐ Yes. Identify below

| Name and address of recipient | Amount of money or value of property | Description of property | Dates | Reason for providing the value |
|---|---|---|---|---|
| 30.1.  _____ _____ _____ | $_____ | _____ | _____ | _____ |

| Relationship to debtor |
|---|
| _____ |

---

**31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☑ No

☐ Yes. Identify below

Debtor **Hronis Fruit Company LLC** Case number *(if known)* **26-10983**

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| 31.1. _____<br>_____<br>_____<br>_____ | EIN: __ __-__ __ __ __ __ __ |

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No

☐ Yes. Identify below

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|
| 32.1. _____<br>_____<br>_____<br>_____ | EIN: __ __-__ __ __ __ __ __ |

Debtor    **Hronis Fruit Company LLC**                          Case number *(if known)* **26-10983**

---

| Part 14: | Signature and Declaration |
| --- | --- |

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on     4/3/2026
                 MM/DD/YYYY

**✗** _____
     Signature of individual signing on behalf of debtor

     Allen Soong
     Printed name

     Co-Chief Restructuring Officer
     Position or relationship to debtor

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**

☑ No

☐ Yes

Official Form 207          **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**